**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Adelin VELASQUEZ–AGUILAR,**
**Defendant—Appellant.**

**No. 10–10363.**

United States Court of Appeals,
Ninth Circuit.

Submitted July 17, 2012.[*]

Filed July 20, 2012.

Joseph W. Hanley, Assistant U.S., USTU–Office of the U.S. Attorney, Tucson, AZ, for Plaintiff–Appellee.

Roger H. Sigal, Esquire, Law Office of Roger H. Sigal, Tucson, AZ, for Defendant–Appellant.

Before: SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM **

Adelin Velasquez–Aguilar appeals from the 60–month sentence imposed following his guilty-plea conviction for reentry after deportation, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Velasquez–Aguilar first contends that the district court procedurally erred by failing to explain the reasons for the sentence and its rejection of his mitigating arguments, and by failing to consider the 18 U.S.C. § 3553(a) sentencing factors. The record reflects that the district court reviewed all of the evidence submitted, listened to the mitigating arguments, and considered the section 3553(a) sentencing factors. Nothing more was required. *See Rita v. United States*, 551 U.S. 338, 358–59, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007). Velasquez–Aguilar further contends that the district court failed to appreciate its discretion to vary downward based on the nature of his prior conviction for transporting illegal aliens. This contention is not supported by the record.

Velasquez–Aguilar finally contends that his sentence is substantively unreasonable. Under the totality of the circumstances, including Velasquez–Aguilar's criminal history and two previous deportations, the sentence 17 months below the Guidelines range is substantively reasonable. *See* 18 U.S.C. § 3553(a); *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.